UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**YVONNE GABEL, AND ALL OTHERS SIMILARLY SITUATED UNDER 29 USC 216(B); ANNABELLE MARA-VILLA, JEAN L. VAN THIEL, LINDA SCHAAF, KARLA LAKE,**

  *Plaintiffs*,

v.     Case No.  SA-20-CV-01420-JKP

**CARENET - INFOMEDIA GROUP, INC.,**

  *Defendant*.

### O R D E R

Before the Court is Plaintiff's Unopposed Motion for Preliminary Approval of a Class Action Settlement.[1] *ECF No. 34*. Plaintiff, Yvonne Gabel, on behalf of herself and similarly situated employees of Defendant Carenet – Infomedia Group, Inc. ("Carenet") seeks preliminary Approval of the parties' class and collective action Settlement Agreement pursuant to Federal Rule of Civil Procedure 23(e) and 29 U.S.C section 201, *et seq.*

Plaintiffs, without opposition by Carenet, seek an Order (1) preliminarily certifying the class and collective claims for settlement purposes only under the Federal Rules of Civil Procedure, Rule 23 ("Rule 23"), and 29 U.S.C, §§ 201, *et seq.*; (2) preliminarily approving the parties' Settlement; (3) preliminarily appointing Plaintiff and the initial Opt-in Plaintiffs (Lake, Maravilla, Schaaf, and Van Thiel) as the representatives of the Settlement Class Members, and Sommers

---

[1] By stating the motion is "unopposed", Gabel attests Carenet agrees to the terms stated with the motion and has no opposition to all representations made to the Court. The Court proceeds pursuant to this attestation and understanding.

Schwartz, Siegel Law Group, and The Hedgepeth Law Firm as counsel ("Class Counsel") for, the Settlement Class Members; (4) approving the parties' proposed form for providing Notice of the Settlement to the Settlement Class Members and the form of the Opt-Out Request for those Settlement Class Members wishing to be excluded from the Settlement; and (5) scheduling a hearing on the final approval of the Settlement and approval of the application of Class Counsel and Plaintiff for the requested attorneys' fees, costs, and service awards.

Upon consideration of the motion and supporting documentation and the law, the Court now enters this Order and FINDS, CONCLUDES, and ORDERS as follows:

1. The Motion is **GRANTED**, and the settlement of this action is **PRELIMINARILY APPROVED** because it appears that, at the final approval stage, the Court will "will likely be able to" approve the settlement under the criteria described in Federal Rule of Civil Procedure 23(e)(2) and certify the settlement class under the criteria described in Federal Rules 23(a) and 23(b)(3). *See* Fed. R. Civ. P. 23(e)(1)(B)(i)-(ii).

2. The Notice Packet attached to the Agreement and the notice protocols described in the Agreement are approved pursuant to Federal Rules 23(c)(2)(B) and 23(e)(1).

3. Individuals who wish to exclude themselves from the settlement must follow the procedures described in the Notice Packet and must do so within 45 days of issuance of Notice.

4. Individuals who wish to object to the settlement must follow the procedures described in the Notice Packet and must do so within 45 days of issuance of Notice.

5. Sommers Schwartz, Siegel Law Group, and The Hedgepeth Law Firm are appointed interim class counsel pursuant to Federal Rule 23(g)(3) and shall ensue that the notice process contemplated by the Settlement is followed. The Court will make its final decision regarding the appointment of class counsel after the final approval and pursuant to the criteria described in Federal Rule 23(g)(1).

6. Pursuant to Federal Rule 23(e)(2), a hearing addressing final approval of the settlement will be held on a date to be determined, but no earlier than 90 days from the date of this Order. The parties are advised this hearing may be conducted by Zoom, dependent upon the terms of the Court's relevant Order Regarding Court Operations Under the Exigent Circumstances Created by the Covid-19 Pandemic.

7. During this hearing, the Court will hear from any objectors or other class members who wish to address the Court and will hear argument from counsel regarding the following issues: (1) whether the settlement warrants final approval under Federal Rule 23(e)(2) and 29 U.S.C. § 216(b); (2) whether the settlement class should be certified under Federal

Rules 23(a) and 23(b)(3); (3) whether the service awards set forth in the Agreement should be approved; and (4) whether the attorney's fees and litigation costs sought by interim class counsel in the Agreement should be approved under Federal Rule 23(h).

8. The Parties and the Settlement Administrator will comply with the following schedule for the Settlement Administration and final approval process, based on a preliminary approval date of October 1, 2021 (with the dates to be adjusted accordingly based on the date of this Order and the date of the Final Approval Hearing, and if any date falls on a Saturday, Sunday, or legal holiday, the actual date shall be the next day that is not a Saturday, Sunday, or legal holiday):

| Due Date | Activity |
| --- | --- |
| October 1, 2021 | Order Granting Plaintiffs' Unopposed Motion for Preliminary Approval |
| October 15, 2021 | Defendant provides the Class Information for the Class Members to Settlement Administrator (14 days from Preliminary Approval) (proposed dates based on Order Granting Preliminary Approval being entered on June 1, 2021) |
| October 29, 2021 | Settlement Administrator to mail Class Notice to the Class Members. (No later than 28 days from preliminary approval) |
| December 14, 2021 | Deadline for Class Counsel to File Motion for Approval of Attorneys' Fees and Costs and Class Representative Service Award ("Fees Motion") and Declaration from Administrator, and Class Counsel in support<br><br>To be noted for hearing on Date of Final Approval Hearing |
| December 28, 2021 | Last day for Class Members to Object to the Settlement (60 days from Initial Mailing of Class Notice) |
| December 28, 2021 | Last day for Class Members to submit an Opt-Out Request (60 Days from Initial Mailing of Class Notice). |
| January 20, 2021 | Deadline for Class Counsel to File Motion for Final Approval of the Settlement, Declaration from Administrator, and Supplemental Documents for Fees Motion (within 30 days after the deadline for Settlement Class Members to submit Objections and Opt-Out Requests, unless otherwise extended to within 45 days pursuant to Paragraph 10(c) of the Settlement Agreement and with approval of the Court to adjust date of Final Approval Hearing; and at least 21 days before Final Approval Hearing)<br><br>To be noted for hearing on October 12, 2021 |

3

In the event the Settlement is not finally approved, or otherwise does not become effective in accordance with the terms of the Settlement Agreement, this Order shall be rendered null and void and shall be vacated, and the parties shall revert to their respective positions as of before entering into the Settlement Agreement. The Court's findings are for purposes of certifying a settlement class and to settle the matter and will not have any claim or issue preclusion or estoppel effect in any other action against Defendant, or in this action, if the Settlement is not finally approved.

    It is so ORDERED.
    SIGNED this 14th day of September, 2021.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE